UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASEY STUART MATTINGLY,

    Petitioner,

v.                                             Case No. 3:17-cv-261-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## ORDER

### I. Status

Petitioner Casey Mattingly, an inmate of the Florida penal system, initiated this action by filing, pursuant to the mailbox rule, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1) on February 24, 2017. In the Petition, Mattingly challenges a 2016 state court (Duval County, Florida) judgment of conviction for armed robbery and aggravated assault. Mattingly raises one ground for relief. See Petition at 5-14.[1] Respondents have submitted a memorandum in opposition to the Petition. See Response to Petition for Writ of Habeas Corpus (Response; Doc. 15) with exhibits (Resp. Ex.). Mattingly filed a brief in reply. See Plaintiff's Response to Respondent's Answer Brief (Reply; Doc. 16). This case is ripe for review.

---

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. Relevant Procedural History

On June 12, 2012, the State of Florida (State) charged Mattingly with armed robbery (count one), aggravated assault (count two), and shooting or throwing deadly missiles (count three). Resp. Ex. B1 at 10. On October 16, 2014, while awaiting trial, Mattingly filed a pro se petition for writ of habeas corpus with Florida's First District Court of Appeal (First DCA), arguing the circuit court violated his speedy trial rights. Resp. Ex. E1. The First DCA dismissed the petition for failure to comply with a previous order. Resp. Ex. E6. On April 17, 2015, Mattingly filed another pro se petition for writ of habeas corpus with the First DCA, in which he appealed the circuit court's denial of his notice of expiration of speedy trial. Resp. Ex. C1. The First DCA converted the petition to a petition for writ of prohibition, Resp. Ex. C2, and later dismissed it for lack of prosecution. Resp. Ex. C5. On July 1, 2015, Mattingly moved to reopen the case, Resp. Ex. C6, the First DCA granted the request on July 27, 2015, Resp. Ex. C7, and denied the petition on the merits on August 11, 2015. Resp. Ex. C8. Mattingly moved for rehearing, Resp. Ex. C9, and the First DCA denied the motion for rehearing on September 21, 2015. Resp. Ex. C11. On November 12, 2015, Mattingly filed another petition for writ of habeas corpus with the Florida Supreme Court that raised the same issue concerning his speedy trial rights. Resp. Ex. D1. The Florida Supreme Court denied the petition as successive based on the First DCA's disposition of the claim. Resp. Ex. D6.

Ultimately, a jury found Mattingly guilty as charged as to counts one and two. Resp. Ex. B1 at 249-51. As to count one, the jury found that Mattingly carried and discharged a firearm during the commission of the offense. Id. at 249-50. Likewise, as to count two, the jury found that Mattingly discharged a firearm during the commission of the offense. Id.

at 251. On February 10, 2016, the circuit court sentenced Mattingly as to counts one and two to a term of incarceration of twenty years in prison, with a twenty-year minimum mandatory sentence as to each count. Id. at 304-06. The circuit court ordered the sentence imposed on count two to run consecutively to the sentence imposed on count one. Id. at 305-06.

Mattingly filed a notice of appeal with the First DCA. Id. at 325. On August 4, 2016, Mattingly, through counsel, filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) with the circuit court, in which he challenged the consecutive nature of his sentences. Resp. Ex. B3 at 1-8. On September 15, 2015, the circuit court granted the motion and resentenced Mattingly so that his sentences were ordered to run concurrently. Resp. Exs. B3 at 9; B4 at 18-24. In his initial brief before the First DCA, Mattingly argued that the circuit court fundamentally erred when it referred Mattingly for a competency determination but failed to enter an order finding him competent before proceeding to trial. Resp. Ex. B5. The State filed an answer brief, Resp. Ex. B6, and Mattingly filed a brief in reply. Resp. Ex. B7. On September 27, 2017, the First DCA issued a per curiam written opinion affirming Mattingly's judgment and sentence but remanded the case solely for entry of an order of competency nunc pro tunc to the date of a hearing where the circuit court orally adjudicated Mattingly competent. Resp. Ex. B8. Mattingly filed a motion for clarification and rehearing en banc, Resp. Ex. B9, which the First DCA denied on October 17, 2017. Resp. Ex. B10. The First DCA issued the Mandate on November 7, 2017. Resp. Ex. B11.

On February 22, 2016, Mattingly filed a pro se petition for writ of habeas corpus with the circuit court, in which he alleged the charging document was invalid. Resp. Ex.

G1. The circuit court denied the petition on November 9, 2017. Resp. Ex. G2. Mattingly did not appeal. Resp. Ex. A.

### III. One-Year Limitations Period

This proceeding was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Mattingly's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### V. Governing Legal Principles

#### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga.

Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an

5

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first

6

instance.'"[2] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## VI. Findings of Fact and Conclusions of Law

Mattingly alleges that the circuit court did not have personal jurisdiction over him because his Sixth Amendment right to a speedy trial was violated. Petition at 5-14. According to Mattingly, he was not brought to trial within 175 days as Florida Rule of Criminal Procedure 3.191(a) requires. Id. at 12. He contends that Rule 3.191 has been

---

[2] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

7

"tangibily attached to the United States Constitution," such that a violation of this state rule of procedure amounts to a violation of the Sixth and Fourteenth Amendments to the United States Constitution. Id. at 11. Mattingly also appears to argue that the circuit court failed to follow the proper procedures for determining his competency to proceed to trial as Florida Rule of Criminal Procedure 3.212 requires. Id. at 12-14.

In their Response, Respondents only address Mattingly's allegations concerning the alleged violation of his right to a speedy trial. Response at 13-22. In doing so, Respondents contend Mattingly exhausted this claim but is not entitled to relief, because the claim was adjudicated on the merits, and Mattingly cannot show that the adjudication crosses the high threshold for relief under AEDPA.

The record reflects that on September 23, 2014, Mattingly filed in the circuit court a notice of expiration of time for speedy trial. Resp. Ex. B1 at 93-103. The circuit court denied the notice of expiration of speedy trial on September 25, 2014, reasoning that Mattingly waived his right to speedy trial when his counsel twice moved to continue the proceedings. Resp. Ex. C4 at 5-6, 11, 18-19. Mattingly appealed the denial through a writ of prohibition filed with the First DCA, which the First DCA denied on the merits. Resp. Ex C8.

To the extent that the First DCA decided the claim on the merits,[3] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly

---

[3] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Mattingly is not entitled to relief on the basis of this claim.

Even if the state appellate court's adjudication of the claim is not entitled to deference, this claim is without merit. The United States Supreme Court has held that courts analyzing an individual's claim that his or her speedy trial rights under the Sixth Amendment were violated should consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the individual's assertion of the right to speedy trial; and (4) prejudice to the individual. Barker v. Wingo, 407 U.S. 514, 530 (1972). In Florida, Rule 3.191 governs a defendant's right to speedy trial. Pursuant to Rule 3.191(a), the state shall bring a defendant charged with a felony to trial within 175 days. "This right is not self-executing and requires a defendant to take affirmative action to avail himself of the remedies provided under the statute." Dillard v. Sec'y Dep't of Corr., 440 F. App'x 817, 819 (11th Cir. 2011) (citing State v. Nelson, 26 So. 3d 570, 574 (Fla. 2010)). Notably, "[under Florida law,] a waiver of speedy trial by counsel is binding on the defendant, 'even though done without consulting him and even against the client's wishes.'" Dillard, 440 F. App'x at 820 (quoting State v. Kruger, 615 So. 2d 757, 759 (Fla. 4th DCA 1993)); see also New York v. Hill, 528 U.S. 110, 115 (2000) (holding that defense counsel could waive defendant's right to be brought to trial within the 180-day period specified under the Interstate Agreement on Detainers, by agreeing to a trial date outside that period, even without the express consent of defendant). Moreover, as relevant to this Petition, where a defendant is adjudged to be incompetent, the speedy trial period is not activated until

9

the adjudication of incompetence had been removed. Flicker v. State, 352 So. 2d 165, 166 (Fla. 1st DCA 1977).

As an initial matter, to the extent Mattingly argues the circuit court failed to comply with Florida Rule of Criminal Procedure 3.191, this claim is not cognizable for federal habeas relief. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (holding errors of state law are not cognizable in federal habeas review); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). However, even if it were cognizable, Mattingly's claim fails. The record reflects that law enforcement arrested Mattingly on May 13, 2012. Resp. Ex. B1 at 1. On July 19, 2012, the circuit court adjudicated Mattingly incompetent to proceed. Id. at 21-24. This adjudication tolled the running of the speedy clock. See Flicker, 352 So. 2d at 166. On April 26, 2013, the circuit court adjudged Mattingly competent to proceed, which restarted the clock. Id. at 39. But on June 6, 2013, and August 19, 2013, Mattingly's counsel orally moved for a continuance, which the circuit court granted on both occasions. Resp. Exs. A; C4 at 4. Then on November 14, 2013, the circuit court again found Mattingly incompetent to proceed, Id. at 47-50, and did not find him competent to proceed again until May 20, 2014. Id. at 73. This record affirmatively establishes that counsel moved for a continuance prior to the expiration of Mattingly's speedy trial rights under Florida law; therefore, his speedy trial rights were waived, even if over his objections. See Dillard, 440 F. App'x at 820. For these same reasons, Mattingly's Sixth Amendment claim fails as

Mattingly's mental state and the defense continuances of the trial caused the delay. See Dickey v. Florida, 398 U.S. 30, 48 (1970) (noting that "[a] defendant may be disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility" such as a "delay occasioned by his incompetence to stand trial."). As such, the circuit court did not err in denying the alleged speedy trial violation set forth in Mattingly's notice of expiration of speedy trial. See Hill, 528 U.S. at 115. Accordingly, Mattingly's claim that his speedy trial rights were violated is due to be denied.

To the extent Mattingly raises a claim that the circuit court failed to comply with incompetency procedures as outlined in the Florida Rules of Criminal Procedure, the Court finds this claim is not cognizable in a federal habeas petition because the basis of the claim is that the circuit court did not follow state law. See Swarthout, 562 U.S. at 219; Estelle, 502 U.S. at 67-68; Quince, 360 F.3d at 1261-62. For the above stated reasons, the relief Mattingly seeks in his claim in the Petition is due to be denied.

## VII. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Mattingly seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Mattingly "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v.

Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Mattingly appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Casey Mattingly #J34596
Michael Brent McDermott, Esq.